UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EARL CLEMONS, III

        Petitioner,

                                          CIVIL NO. 2:14-CV-13625
v.                                  HONORABLE DENISE PAGE HOOD
                                          UNITED STATES DISTRICT COURT

RANDALL HAAS,

        Respondent.
_____/

### OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

William Earl Clemons, III, ("Petitioner"), confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b), and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. BACKGROUND

Petitioner pleaded *nolo contendere* in the Oakland County Circuit Court and was sentenced on March 25, 2013 to five to fifteen years in prison. Petitioner's conviction was affirmed on direct appeal. *People v. Clemons,* No.

1

319179 (Mich.Ct.App. January 13, 2014); *lv. den.,* 495 Mich. 1008, 846 N.W.2d 575 (2014).

Petitioner then filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court, which was denied on August 25, 2014. *People v. Clemons,* No. 12-243435-FC (Oakland County Circuit Court, August 25, 2014). Petitioner has filed an appeal from the denial of his post-conviction motion with the Michigan Court of Appeals, which remains pending with that court.

On September 11, 2014, petitioner filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds: [1]

> I.  Petitioner should be allowed to withdraw his plea based upon his claim of innocence.
>
> II.  Petitioner should be allowed to withdraw his plea as he was denied effective assistance of counsel.

## II.  DISCUSSION

The instant petition is subject to dismissal for two reasons.

First, it is unclear whether petitioner has completely exhausted his second claim alleging ineffective assistance of counsel with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 11, 2014, the date that it was signed and dated. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

(1971); See also *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

As part of his second claim, petitioner contends that he was constructively denied the assistance of counsel due to petitioner's alleged omissions in the trial court, thus, prejudice to his case should be presumed, that is, he should not have to show that he was actually prejudiced by counsel's inactions to obtain habeas relief.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant generally must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the

3

circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *Moss v. Hofbauer,* 286 F. 3d 851, 860 (6th Cir. 2002)(quoting *United States v. Cronic,* 466 U.S. 648, 659 (1984)). However, in order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, so that reversal based on ineffective assistance of counsel is warranted without any inquiry into prejudice, the attorney's failure to test the prosecutor's case "must be complete." *Bell v. Cone,* 535 U.S. 685, 697 (2002).

To the extent that petitioner is arguing that he was constructively denied the assistance of counsel, he did not exhaust such a claim with the state courts.

For purposes of federal habeas review, exhaustion requires that a claim

raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004)(citing *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000)). A habeas petitioner cannot be said to have fairly presented his or her constitutional claim to the state courts when he or she "subsequently presents new facts or legal arguments in habeas corpus that place the claim in a significantly different posture than the claim that was presented to the state courts." *Stojetz v. Ishee,* 389 F. Supp. 2d 858, 955 (S.D. Ohio 2005).

  Petitioner did not argue in the state courts that the *Cronic* presumed prejudice standard should apply to his case, but instead employed the *Strickland* standard in arguing that trial counsel had been ineffective. "While both *Cronic* and *Strickland* concern Sixth Amendment violations, they are distinct legal claims and the difference between the two 'is not of degree but of kind.'" *Fusi v. O'Brien*, 621 F. 3d 1, 6 (1st Cir. 2010). The *Strickland* test "requires a case-by-case analysis of whether counsel's deficiencies affected the outcome of a trial, while *Cronic* permits a presumption of prejudice if an actual or constructive denial of counsel occurs during a critical stage of the trial. These claims, while based on similar factual underpinnings, are separate and distinct. A defendant's reliance

on one theory in state court does not exhaust the other." *Id.* Petitioner did not argue before the state courts that he was entitled to the presumption of prejudice. Accordingly, petitioner's constructive denial of counsel claim was not exhausted with the state courts. *Id.*

Petitioner's habeas application is also subject to dismissal because petitioner has a post-conviction appeal that remains pending in the Michigan Court of Appeals concerning the convictions challenged in this petition. The general rule is that a habeas petition should be denied on exhaustion grounds where the petitioner's appeal from the denial of a state post-conviction motion remains pending in the state appellate courts. *See Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970). Petitioner must complete his state post-conviction proceedings before seeking habeas relief in this Court. *See Humphrey v. Scutt*, No. 08–CV–14605; 2008 WL 4858091, * 1 (E.D. Mich. November 5, 2008); *Witzke v. Bell*, No. 07-CV-15315; 2007 WL 4557674 (E.D. Mich. December 20, 2007).

Even if petitioner had already exhausted all of the claims that he raises in his current petition on direct appeal, this would not be enough to satisfy the exhaustion requirement of of 28 U.S.C. §§ 2254(b) and (c). When an appeal of a state criminal conviction is pending in the state courts, as is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the

writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F. 2d 632, 634 (9th Cir. 1983). The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. *Id., See also Woods v. Gilmore,* 26 F.Supp.2d 1093, 1095 (C.D.Ill.1998); *Garrett v. Larson,* 2:13–CV–11339; 2013 WL 1681258, * 2 (E.D. Mich. April 17, 2013); *Szymanski v. Martin,* No. 99-CV-76196-DT; 2000 WL 654916, * 2 (E.D.Mich. April 13, 2000). Therefore, petitioner's claims, even if fully exhausted, are premature and must be dismissed on the grounds that petitioner has failed to exhaust his state court remedies. *Sherwood,* 716 F. 2d at 634; *Garrett,* Slip. Op. at * 2.

    Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on May 27, 2014. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1)

for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on August 25, 2014. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his post-conviction motion for relief from judgment with the state courts prior to August 25, 2014, because the post-conviction motion was denied that day. Although the trial court denied the motion for relief from judgment, the one-year period continues to be tolled until petitioner completes his post-conviction appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F. 3d 780, 787-88 (6th Cir. 2003); 28 U.S.C. § 2244(d)(2). Because petitioner has an entire year remaining under the limitations period, which would remain tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition

was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will dismiss the instant petition without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed

to proceed further.  In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner's habeas petition is subject to dismissal on exhaustion grounds. *See e.g. Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

### III.  CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager